AO 106 (Rev. 04/010) Application for Search Warrant          AUTHORIZED AND APPROVED/DATE:  s/ Jackson D. Eldridge 01-18-2024

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be search*<br>*Or identify the person by name and address)*<br>INFORMATION ASSOCIATED WITH THE CELLULAR DEVICES ASSIGNED CALL NUMBERS (405) 248-6360 AND (405) 862-0857 STORED AT PREMISES CONTROLLED BY U.S. CELLULAR | ) ) ) ) ) ) ) )   M-24- 53- AMG |

## APPLICATION FOR SEARCH WARRANT

I, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property *(identify the person or describe property to be searched and give its location)*:

See Attachment A, which is attached and incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is *(check one or more)*:
☒ evidence of the crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1708 | Theft or Receipt of Stolen Mail |
| 18 U.S.C. § 1028 | Fraud and Related Activity in Connection with Identification Documents, Authentication Features and Information |

The application is based on these facts:

See attached Affidavit of Postal Inspector Christopher Nicholson, United States Postal Inspection Service, which is incorporated by reference herein.

☒ Continued on the attached sheet(s).
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

*Applicant's signature*

Christopher Nicholson
Postal Inspector
United States Postal Inspection

Sworn to before me and signed in my presence.

Date: _____1/19/24_____

City and State: Oklahoma City, Oklahoma

_____*Amanda Maxfield Green*_____
*Judge's signature*

Amanda Maxfield Green, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICES ASSIGNED CALL NUMBERS (405) 248-6360 AND (405) 862-0857 STORED AT PREMISES CONTROLLED BY U.S. CELLULAR | Case No. M-24-<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Christopher Nicholson, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with two cellular telephones assigned call numbers **(405) 248-6360 and (405) 862-0857**, the "**SUBJECT PHONES**," that is stored at premises controlled by **U.S. CELLULAR**, a wireless telephone service provider headquartered at 8410 W Bryn Mawr Ave, Chicago, IL 60631, and legal processing offices located at One Pierce Place, Suite 800, Itasca, IL 60143. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require **U.S. CELLULAR** to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

1

2. I am an Inspector with the United States Postal Inspection Service (USPIS), and I have been since December 2021. I am currently assigned to the USPIS Fort Worth Division domiciled in Oklahoma City, Oklahoma. I am responsible for conducting investigations of crimes against the United States Postal Service and its employees in violation of federal laws, including assault, robbery, fraud, illegal drug offenses, and mail theft. Prior to working for USPIS, I gained investigative experience as a Special Agent with the Naval Criminal Investigative Service (NCIS) from September 2017 to December 2021. I have also completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia, which included instruction on violations of federal, state, and local laws. Some of my experience comes from employment with the Dallas Police Department in 2007, where I conducted investigations into robbery, burglary, and theft. During my last sixteen years of experience as a law enforcement officer, I have conducted numerous criminal investigations and routinely reviewed telephone location information.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1708 (Theft or receipt of stolen mail generally) and 18 U.S.C. § 1028 (Fraud and related activity in connection with identification documents, authentication features, and information), have been committed by the unknown suspect

described herein. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband, or fruits of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5.USPIS is investigating mail theft and identity theft regarding Victim, S.K., in violation of 18 U.S.C. § 1708 and § 1028, which occurred at 2751 24th Ave NW, Apartment 402, Norman, OK 73069. This apartment, which is part of the Terra at University North Park complex, is located within the Western District of Oklahoma.

6.On December 19, 2023, your affiant interviewed S.K. regarding an unknown suspect making purchases, and attempted purchases, at Oklahoma City-area businesses with the use of S.K.'s personal information. S.K. stated that the address of 2751 24th Ave NW, Apartment 402, Norman, OK 73069 is his former residence, and upon moving, did not forward his mail for approximately three weeks. The fraudulent purchases and attempted fraudulent purchases in S.K.'s name began after he moved from this apartment on or about October 20, 2023.

7.One attempted fraudulent purchase occurred at Harley Davidson Motorcycles Norman, Oklahoma, where the unknown suspect attempted to purchase a $48,000.00 motorcycle. The unknown suspect made online purchases at Verizon, where an account was created in S.K.'s name, resulting in the purchase of two iPhone 15 Pro Max cell phones assigned call numbers (405) 541-9014 and (405) 655-3040. These phones, along with service fees, resulted in a charge of approximately $3,360.00 to S.K. S.K. further advised during contact with Verizon customer service, Verizon activated and

3

shipped these phones on December 7, 2023, to his former address of 2751 24th Ave NW, Apartment 402, Norman, OK 73069.

8.     On January 3, 2024, your affiant conducted interviews with staff members of Harley Davidson Motorcycles Norman, Oklahoma. The staff provided records and video surveillance showing on December 8, 2023, an unknown black male entered the business and attempted to purchase a motorcycle using S.K.'s personal identifiers. While completing the financing application, the unknown suspect provided a fraudulent Oklahoma driver's license with the unknown suspect's photo, but S.K.'s information, and one of the Verizon numbers, (405) 655-3040.

9.     On January 3, 2024, your affiant was contacted by S.K. who related that he received notification from **U.S. CELLULAR** that another account had been created in his name. S.K. elaborated that, in addition to the Verizon account, this new **U.S. CELLULAR** account was also fraudulently created and included the purchase of two more iPhone 15 Pro Max phones. Through a billing inquiry, S.K. related the cell phones were assigned call numbers **(405) 248-6360** and **(405) 862-0857**, the **SUBJECT PHONES**.

10.    On January 10, 2024, your affiant conducted a review of an authorized mail cover submitted for S.K.'s former address, 2751 24th Ave NW, Apartment 402, Norman, OK 73069 for the dates of December 11, 2023, to January 10, 2024. A mail cover permits U.S. Postal Service or Postal Inspection Service personnel to record information from the outside of mail items sent to a specific address. The mail cover confirmed correspondence from **U.S. CELLULAR** to this address, in S.K.'s name, as well Verizon, Citibank, and

Best Buy. Upon follow-up contact with S.K., it was learned these additional company accounts were also fraudulently created.

11. On January 10, 2024, the USPIS met with representatives of U.S. **CELLULAR** at one of their Oklahoma City storefronts. Using the account number provided by S.K., the **U.S. CELLULAR** representative was able to review business records that revealed this **U.S. CELLULAR** account, and the two iPhones, were purchased on December 7, 2023, at 6:37 pm, from **U.S. CELLULAR** storefront #3144 located at 1411 24th Ave NW Norman, OK 73069. A Google map query for reference was subsequently performed which indicated this **U.S. CELLULAR** store is approximately 2.2 miles from S.K.'s former residence.

12. Due to the aforementioned details, your affiant requests **U.S. CELLUAR** data, further described in Attachment B, for the cell phones assigned call numbers **(405) 248-6360 and (405) 862-0857**, the **SUBJECT PHONES**, for the time period from December, 7 2023, at 12:01 a.m. (CST) to January 16, 2024, at 11:59 p.m. (CST).

13. Based upon my training and experience, I have learned that individuals involved in theft often use cellular phones to maintain contact with co-conspirators and accomplices, such as getaway drivers, before, during, and after the commission of the crime. Such cell phones and their associated data commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of robberies including, but not limited to, the phone directory and/or contacts list, calendar, text messages, call logs, photographs, messaging applications, location information, and videos.

14. In my training and experience, I have learned that **U.S. CELLULAR** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

15. Based on my training and experience, I know that **U.S. CELLULAR** can collect cell-site data about the **SUBJECT PHONES**. I also know that wireless providers such as **U.S. CELLULAR** typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. In addition to the collection of cell-site data, I know that **U.S. CELLULAR** can collect and retain E911 data, which is sometimes referred to as "latitude-longitude data" or "GPS data," which provides relatively more precise location information about wireless devices. Based on conversations with U.S.

**CELLULAR** Custodian of Records, GPS data and cell-site data is retained for approximately one year from the date of incident and can be retrieved by using the **SUBJECT PHONE** number.

16.  Based on my training and experience, I know that wireless providers such as **U.S. CELLULAR** typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as **U.S. CELLULAR** typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the historical location of the **SUBJECT PHONES**, the user, and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

18. I further request that the Court direct **U.S. CELLULAR** to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

19. Because the warrant will be served on **U.S. CELLULAR**, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Respectfully submitted,

Christopher Nicholson
Inspector
United States Postal Inspection Service
Oklahoma City, Oklahoma

Subscribed and sworn to before me on January 19th, 2024

AMANDA MAXFIELD GREEN
UNITES STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF OKLAHOMA

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephones assigned call numbers **(405) 248-6360** and **(405) 862-0857** that is stored at premises controlled by **U.S. CELLULAR**, headquartered at 8410 W Bryn Mawr Ave, Chicago, IL 60631, and legal processing offices located at One Pierce Place, Suite 800, Itasca, IL 60143.

## ATTACHMENT B

## Particular Things to be Seized

I. **Information to be Disclosed by U.S. Cellular ("Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the account listed in Attachment A for the time period from December 7, 2023, at 12:01 a.m. to January 16, 2024, at 11:59 p.m. Central Standard Time (CST).

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, usernames, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Length of service (including start/end date) and types of service;

        iv. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        v. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

      vi. Call detail records with cell site information;

     vii. SMS and Text message content to include photographs or video;

    viii. Means and source of payment for such service (including any credit card or bank account number) and billing records;

      ix. Any and all business records collected by **U.S. CELLULAR** and/or store# 3144 1411 24th NW Norman, OK 73069 during the creation of account# 868409555, and sale of phones, under the customer name "Steven Klier". Records should include, but not be limited to, photo identification, method of payment, billing address, secondary phone numbers, etc.; and

      x. The names and contact information for **U.S. CELLULAR** employees having in-person contact with customer "Steven Klier", account# 868409555, on December 7, 2023, at 6:37 pm, during the purchase of two iPhones.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received; and

     ii. E911 data (also known as "latitude-longitude data" or "GPS data."

**II.  Information to be Seized by the Government**

All information described above in Section I that constitutes evidence, fruits, contraband, or instrumentalities of violations of 18 U.S.C. § 1708 (Theft or receipt of stolen mail generally) and 18 U.S.C. § 1028 (Fraud and related activity in connection with

11

identification documents, authentication features, and information) during the time period from December 7, 2023, to January 16, 2024.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this warrant.